UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

---

SURINDER SINGH,

     Plaintiff,

-against-

EMILIO GONZALEZ, DIRECTOR OF THE U.S.
CITIZENSHIP AND IMMIGRATION SERVICES,
ALBERTO R. GONZALES, ATTORNEY
GENERAL OF THE UNITED STATES;
KEVIN D. ROONEY, DIRECTOR OF THE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
JULIE L MEYERS ASSISTANT SECRETARY
IMMIGRATION AND CUSTOMS
ENFORCEMENT

     Defendants.

---

Case #:

COMPLAINT

**07 CIV. 6178**

FILED
U.S. DISTRICT COURT
S.D. OF N.Y. W.P.
2007 JUL -2  P 3:31

## PARTIES

1. Plaintiff, Surinder Singh (SINGH), is a citizen of India presently married to a U.S. Citizen, residing at 9 Inwood Dr., Bardonia, N.Y. 10954.

2. The Defendant, Emilio. Gonzales, is the Director of the U.S. Citizenship and Immigration Service of the United States, and is named in his capacity as an agent of the United States Department of Homeland Security responsible for the adjudication of the I-130 (Petition for Alien Relative) and the I-485 (Application for Adjustment of Status to that of a Lawful Permanent Resident).

3. The Defendant, Alberto R. Gonzales, is the Attorney General of the United States, and is named in his capacity as an agent of the United States Department of Justice.

4. The Defendant, Kevin D. Rooney, is name in his capacity as the Director of Executive

1

    Office for Immigration Review of the Department of Justice which agency of the United States Government is responsible for the Immigration Court and thus the Immigration Judges.

5.     The Defendant, Julie L. Meyers, is named in her capacity as the Assistant Secretary of Immigration and Customs Enforcement, formerly known as Immigration and Naturalization Service, which agency of the United States Government is responsible for prosecution by the Office of the Chief Counsel and enforcement of deportation by the Detention and Removal's office.

## JURISDICTION

6.     This Court has jurisdiction pursuant to 28 U.S.C. 1361.

## VENUE

7.     Venue is proper as the plaintiff resides within the district.

## BACKGROUND

8.     SINGH is a citizen of India.

9.     SINGH entered the United States unlawfully on September 9, 1992.. He has remained in the United States continuously to date.

10.     On March 12, 1997 deportation proceedings were commenced against SINGH.

11.     SINGH married Debra Ann Sevim, a United States citizen, on August 20, 1997.

12.     SINGH filed an I-130 Petition for Alien Relative on September 12, 1997 (copy annexed

as **Exhibit A**.).

13. The SINGHS' initial marriage interview was scheduled for June 3, 1998 but due to the expected birth of their daughter (June 4, 1998), the interview was rescheduled to April 12, 1999.

14. Because SINGH had married while in deportation proceedings, this initial interview was actually a "Stokes" interview whereby the burden of proof falls upon the parties to show by clear and convincing evidence that the marriage was entered into in good faith INA §§245(e)(2) and (3).

15. On January 21, 2000, the then District Director of the Immigration and Naturalization Service denied the SINGHS' I-130 petition.

16. On February 2, 2000 SINGH timely filed a notice of appeal with the Board of Immigration Appeals.

17. On that same day, the Immigration Judge also granted SINGH voluntary departure to January 1, 2001.

18. After thirty days had passed, the Immigration and Naturalization Service then argued that SINGH did not file a notice of appeal.

19. After much argument and proof of filing, the Immigration and Naturalization Service then discovered that the appeal had been timely filed but had been misplaced by the Immigration and Naturalization Service.

20. It then took the Immigration and Naturalization Service several months to produce the transcript of the interview upon which the denial of the I-130 was based.

21. With recognition of the filing of the Notice of Appeal and appeal, SINGH's deportation

and voluntary departure were stayed pending the appeal.

22. Once the transcript was produced, SINGH timely perfected his appeal.

23. On March 1, 2002 Board of Immigration Appeals reversed the decision of the District Director Immigration and Naturalization Service and approved SINGH's I-130 petition (copy annexed as **Exhibit B**).

24. On December 11, 2002 the District Director of the Immigration and Naturalization Service granted SINGH an extension of his voluntary departure until June 20, 2003 in order that he could make a motion to reopen the deportation proceeding and file an I-485 Application for Adjustment of Status to that of a Lawful Permanent Resident based upon the approved I-130 petition.

25. SINGH made his motion to reopen deportation proceedings requesting the Immigration and Customs Enforcement (ICE), formerly the Immigration and Naturalization Service Office of the District Counsel, to join in the motion.

26. On May 15, 2003, Immigration and Customs Enforcement formerly joined in the motion to reopen the deportation proceedings, consenting thereto, for the limited purpose of allowing SINGH to file the I-485 application to adjust his status to that of a lawful permanent resident.

27. On June 10, 2003, SINGH filed his motion to reopen with the Immigration Court. (copy annexed as **Exhibit C**).

28. Prior to filing the joint motion with the Immigration Judge, SINGH had requested an extension of this voluntary departure which was due to expire on June 20, 2003. He was told however, that there was no need to extend it because the motion to reopen was on

4

consent and would be approved by the Immigration Judge.

29. On October 3, 2003, after holding the motion for almost four months, the Immigration Judge denied the motion to reopen because the exhibits which were originally attached to the motion were no longer attached and could not be found.

30. By the time the Immigration Judge denied the motion to reopen SINGH's voluntary departure had expired.

31. Request was made to have the voluntary departure again extended but SINGH was told that approval from the District Counsel's Office was required.

32. On November 6, 2003 after speaking with the Chief Counsel's Office regarding the denial SINGH, with the consent and at the suggestion of the Chief Counsel's Office resubmitted the motion to reopen for their consent once again.

33. Despite promises of immediate attention to the motion, the motion sat with the Chief Counsel's Office for three months while effort to reach the attorney in charge were to no avail.

34. Finally, on February 11, 2004 SINGH was able to reach the attorney in charge of the matter for the Chief Counsel's Office and it was once again agreed that they would consent to the joint motion to reopen.

35. To-date, despite all efforts, no action has been taken by the Chief Counsel's Office on the motion.

36. SINGH now faces deportation because INS/ICE many mistakes and its refusal to follow its own rules and guidelines.

## FIRST CAUSE OF ACTION
## MANDAMUS
## (28 U.S.C. 1361)

37. Plaintiff incorporates all allegations in paragraphs 1-36 as if stated at length herein.

38. SINGH has been denied his right to a fair and impartial hearing before INS/ICE for an adjustment of status.

39. SINGH's voluntary departure date was not extended past June 20, 2003 due to the actions of INS/ICE in not following its own rules and guidelines.

40. Chief Counsel's Office has deliberately and intentionally failed to provide written consent, as it had agreed, to petition of SINGH to extend voluntary departure date and to consent to adjustment of status.

41. SINGH is entitled to have mandamus relief against the Chief Counsel's office to compel it to provide written consent, as it previously agreed too, to extend the voluntary departure date and to consent to SINGH's petition for adjustment of status.

## SECOND CAUSE OF ACTION
## VIOLATION OF DUE PROCESS UNDER FIFTH AMENDMENT

42. Plaintiff incorporates all allegations in paragraphs 1-41 as if stated at length herein.

43. Pursuant to 8 CFR _245a.20e(1):

> (1) Upon the granting of an application. If the application for LIFE Legalization is granted, proceedings shall be deemed terminated or a final order of exclusion, deportation, or removal shall be deemed canceled as of the date of the approval of the LIFE Legalization application for adjustment of status.

44. Since SINGH's I-130 petition has been granted on March 1, 2002, SINGH is

entitled to have an immediate hearing for an adjustment of status.

45. SINGH's deportation, effective June 20, 2003 should be rescinded.

46. SINGH is entitled to due process and to an immediate hearing for an adjustment of status.

47. SINGH is entitled to damages in an amount set by the Court.

### THIRD CAUSE OF ACTION
### VIOLATION OF 28 U.S.C. § 1255

48. Plaintiff repeats and reiterates each and every allegation in paragraphs 1-47 as if stated at length herein.

49. Since SINGH attended a "Stokes Hearing" and his I-130 petition was approved on March 1, 2002, he is entitled to have an adjustment of status by the Attorney General pursuant to 28 U.S.C.§ 1255(a).

50. Thus, SINGH is entitled to permanent residency.

51. The failure of SINGH to obtain permanent residence is due solely to the fault of the government, as noted above.

51. SINGH is entitled to immediate relief and his status of permanent residency should be approved immediately.

53. The inexcusable delay has cause SINGH damages in an amount to be set by the Court.

54. This is the second time such relief has been requested.

WHEREFORE, plaintiff respectfully requests an order for:

a. First Cause of Action damages to be set by the court or in the alternative, an immediate hearing to adjust status;

7

b.  Second Cause of Action damages to be set by the court or in the alternative, an immediate hearing to adjust status;

c.  Third Cause of Action damages to be set by the court or in the alternative, an immediate hearing to adjust status;

d.  Such other and further relief as this Court deems just and proper.

Dated: Spring Valley, NY
       October 31, 2006

MARTIN SCHNEE
By: *[signature]*

MARTIN SCHNEE
Attorney for Plaintiff, Surinder Singh
83 South Main Street
New City, NY 10977
Tel.: ~~845-356-8700~~
Fax: ~~845-356-0755~~
Email: martinschnee@verizon.net

# VERIFICATION

STATE OF NEW YORK )
                  )ss.:
COUNTY OF ROCKLAND)

SURINDER SINGH, being duly sworn deposes and says:

I am the plaintiff in this action.
I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, as to those matters, I believe I to be true.
The grounds for my belief as to matters stated upon information and belief are as follows:
books and records in my possession.

_Surinder Singh_
SURINDER SINGH

Sworn to before me this
2 day of ~~May~~ July 2007

_[signature]_
Notary Public

MARTIN SCHNEE
Notary Public, State of New York
No. 4864008
Qualified in Rockland County
Commission Expires June 9, 2010