UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
26 Federal Plaza
New York, New York 10278

Refer to this File Number:
A 73 177 909

Debra Ann Singh
9 Inwood Drive
Bardonia, New York, 10954

JAN 2 1 2000

It is ordered that your <u>Petition to Classify Status of Alien</u>
                    X  be denied because:
<u>Relative for Issuance of Immigrant Visa</u>
                          be revoked because:

SEE ATTACHMENT

You may, if you wish, appeal this decision.  You must submit such
an appeal to THIS OFFICE with a filing fee of $110.00.  If you do
not file an appeal within the time allowed, this decision is
final.  Appeal in your case may be made to:

X    The Board of Immigration Appeals (Board) in Falls Church,
     Virginia.  It must reach this office <u>within 15 calendar days</u>
     from the date this notice is served (18 days if this notice
     is mailed).

     The Administrative Appeals Unit (AAU) in Washington D.C.  It
     must reach this office <u>within 30 calendar days</u> from the date
     this notice is served (33  days if this notice is mailed.

DO <u>NOT</u> send your appeal directly to the Board or to the AAU.
Please direct any questions you may have to the Immigration and
Naturalization Service office nearest your residence.

cc: Thomas Sassone
    22 South Main Street
    New City, New York 10956

                              Sincerely,

                              Edward J. McElroy
                              District Director

Enclosure(s)

Form I-292(Rev. 10-26-90)N

ATTACHMENT TO FORM I-292

File No. A 73 177 909

The visa petition filed on September 17, 1997 by Debra Ann Singh for her spouse, Surinder Singh who seeks to confer immediate relative classification by virtue of his marriage to the petitioner a citizen of the United States.

The record reflects that the petitioner was born on January 5, 1961 in New York and claims one prior marriage and one child. the beneficiary was born on July 19, 1965 in Punjab, India and claims no prior marriage and no children.

The beneficiary last entered the United States in September of 1992 without inspection. On September 9, 1993 an application for asylum was filed by the beneficiary. On March 12, 1997 that application was deemed non-credible and an Order to Show Cause was issued. On August 20, 1997 the petitioner and the beneficiary were married in New City, New York. The case was referred for a Stokes Interview by District Council.

On Monday April 12, 1997 the petitioner and the beneficiary appeared at this office for an interview conducted in accordance with the procedures enumerated in <u>STOKES v. INS,</u> No. 74 Civ. 1022 (S.D.N.Y. November 10, 1976). At the Stokes Interview numerous discrepancies arose between the petitioner's and the beneficiary's separate sworn statements some of those discrepancies are as follows:

The petitioner stated that the date of birth of the child Norma Singh was June 4, 1998. The beneficiary stated that the date of birth of the child was June 4, 1997.

The petitioner stated that she and the beneficiary started living together in November of 1995. The beneficiary stated that he and the petitioner started living together in July of 1995.

The petitioner stated that for her birthday, prior to the interview, she received a necklace from the beneficiary which she had the beneficiary return and get her " a bunch of little things" which included a gold baby charm, a chain, a watch, and a bracelet for the child Norma. The beneficiary stated that for the petitioner's birthday he gave her a card with lottery tickets in it.

The petitioner stated that for Christmas she received a card with lottery tickets in it from the beneficiary. The beneficiary stated that he could not recall what he gave the petitioner for Christmas.

The petitioner stated that for their most recent anniversary she received a diamond necklace from the beneficiary. The beneficiary stated that he and the petitioner did not exchange gifts that he merely took the petitioner out to dinner for their anniversary.

The petitioner stated that the beneficiary had been at his present job as a machinist for 3 years. The beneficiary stated that he had been at his present job as a machinist for 2 years.

The petitioner stated that the total household income on their 1998 joint Federal tax return was $25000. The beneficiary did not know what the total income was on their joint 1998 Federal income tax return. A review of the 1998 tax return submitted at the interview shows a total income of just over $33000 for 1998.

The petitioner stated of their joint checking account that they presently have that she had the account prior and she added the beneficiary to her account. The beneficiary stated of the checking account that they presently have, that he and the petitioner had opened it together. A review of the bank statements provide at the time of the interview, for 3 separate banks shows 2 of the accounts in the beneficiary's name, one in the petitioner's name, and none listed as a joint account.

The petitioner stated that the last time she and the beneficiary went to a restaurant they had gone to a Turkish restaurant a few weeks prior to the interview with the petitioner's entire family, and that the restaurant was located in New Jersey. The beneficiary could not recall when, where, or what type of restaurant he and the petitioner last went to.

The petitioner stated that the smoke alarm that they have in their apartment is located in hallway outside of the bedroom. The beneficiary stated that the smoke alarm located in their apartment is in the hallway closest to their kitchen.

In addition a review of the documentation on file and the documentation provided revealed the following inconsistency: the beneficiary's G-325 filed with his political asylum application showed an address of 104-33 122 Street Richmond Hill from September of 1992 until at least August 31 1993 when the application was filed. The G-325 for the beneficiary filed with the I-130 application showed the beneficiary at 121-06 109 Avenue South Ozone Park from September of 1992 until March of 1994.

The documentation provided for the interview is as follows?

Copy of the petitioner's driver's license, copy of the beneficiary's work authorization, copies of Social Security cards for both individuals, copies of 1997, and 1998 tax returns, copy of a birth certificate for the child Norma, a letter of recommendation from a friend, letters of employment for the beneficiary, birth certificate, and divorce decree for the

petitioner, copy of marriage certificate, bills, a bill from Terrace on the Hudson, All State bills, Bell Atlantic bills, A t and t bills, bank statements, pay stub for the petitioner, assorted mailings, assorted photos, and a master card statement for the petitioner's master card account.

The petitioners not provided evidence, either documentary or by testimony given at the time of the interview that there is a bona fide marital relationship.   The conduct of the parties of marriage is relevant to their intent at the time of the marriage, <u>Lutwak v. United States,</u> 344 U.S. 604 (1953).   Evidence to establish intent can take many forms, including, but not limited to, the proof that the beneficiary has been listed as a spouse on income tax returns, bank accounts, and testimony or other evidence regarding wedding ceremony, shared residence, and other evidence.   Further where there is reason to doubt the validity of the marital relationship the petitioner must show evidence that the marriage was not entered into for the purpose of evading the immigration laws, <u>Matter of Phillis,</u>
15 I&N Dec. 385 (BIA 1975), <u>Matter of Laureano,</u>
19 I&N Dec. 1 (BIA 1983), <u>Matter of Bark,</u>
11 F2d 1200 (9th Cir. 1975).

In visa petition procedings, the petitioner bears responsibility of establishing eligibility for the benefits sought, <u>Matter of Brant</u>
gan      , 11 I&N Dec 493 (BIA 1966).   Further where there is reason to doubt the validity of the marital relationship the visa petition must show evidence that the marriage was not entered into for the purpose of evading the immigration laws, <u>Matter of Phillis, Supra.</u>

You have not provided evidence, either documentary or by testimony given at the time of this interview that there is, in fact, a bona fide marital relationship.   In accordance with the above, your immigrant visa petition is hereby denied.

**EXHIBIT H**

NOTICE OF APPEAL TO THE BOARD OF IMMIGRATION APPEALS OF DECISION OF DISTRICT DIRECTOR

In the Matter:

FEB 2 2000

Debra Ann Singh and Surinder Singh

Fee Stamp

File Number:  A  73  —  177  —  909

1.   I hereby appeal to the Board of Immigration Appeals from the decision of the District Director,
     New York                              District, dated January 21, 2000        , in the above entitled case.

2. .   Specify reasons for this appeal and continue on separate sheets if necessary.  If the factual or legal basis for the appeal
       is not sufficiently described the appeal may be summarily dismissed.

      The District Director incorrectly held that the petitioners had not
provided evidence that they have a bona fide marital relationship.  The District
Director failed to consider several pieces of documentation and failed to attribute
sufficient weight to the documentation provided.  In addition, the interviewing
officer failed to take into consideration the beneficiary's limited command of
the English language and the resultant confusion regarding several questions, when
evaluating the response4s given by the petitioner and the beneficiary.

3.   I ☐ do ☑ do not desire oral argument before the Board of Immigration Appeals in Falls Church, Virginia.

4.   I ☑ am ☐ am not filing a separate written brief or statement.

Signature of Appellant
*(or attorney or representative)*

Alexander Mulgrew
*(print or type name)*

01/31/00
Date

Sassone Zemanek & Girasa

22 South Main Street

New City NY 10956

Address *(number, street, city, state, Zip code)*

U.S.I.N.S.
FEE RECEIPT
A CENTURY OF SERVICE

02/02/00                    N.Y.C.

73177909*#
SINGH #
EIOR 29              % 110.00
SUBTTL                 110.00
TTLAMT              110.00
PC                     110.00
CHANGE                   0.00

                    1 ITEMS

    0013006              8:52

**EXHIBIT I**

**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge

In the Matter of:                                    Case No.: A _73-177-90_

_Jinder Singh_                                       Docket: _New York DC_

                    RESPONDENT            IN DEPORTATION PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on _Feb. 2, 2000_
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

☐ The respondent was ordered deported to _____

☐ Respondent's application for voluntary departure was denied and respondent was ordered deported to
   _____ or in the alternative to_____

☑ Respondent's application for voluntary departure was granted until _Jan 2, 2001_, with an alternate
   order of deportation to _India_ or _N/A_

☑ Respondent's application for asylum was ( )granted ( )denied (✓)withdrawn ( )other.

☑ Respondent's application for withholding of deportation was ( )granted ( )denied (✓)withdrawn ( )other.

☐ Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for waiver under Section _____ of the Immigration and
   Nationality Act was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for_____was ( )granted ( )denied ( )withdrawn ( )other.

☐ Proceedings were terminated.

☐ The application for adjustment of status under Section (216)(216A)(245)(249) was ( )granted ( )denied
   ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents
   necessary to give effect to this order.

☐ Respondent's status was rescinded under Section 246.

☐ Other _____

☑ Respondent was advised of the limitation on discretionary relief for failure to appear _depart_ as ordered in the
   Immigration Judge's oral decision.

                                        _____
                                        Immigration Judge

                                        Date: _Feb 2, 2000_

Appeal: ~~RESERVED/WAIVED~~ ( A / I / B )

ALIEN NUMBER:  73-177-909                    NAME:  SINGH, SURINDER

## LIMITATION ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

( )  1.  You have been scheduled for a deportation hearing, at the time and place set forth on the attached sheet.  Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of five (5) years after the date of entry of the final order of deportation.

( )  2.  You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice.  Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of five (5) years from the date of your scheduled hearing.

( )  3.  You have been granted voluntary departure from the United States pursuant to section 244(e)(1) of the Immigration and Nationality Act.  Remaining in the United States beyond the authorized date other than because of exceptional circumstances beyond your control** will result in your being ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for five (5) years from the date of scheduled departure or the date of unlawful reentry, respectively.

( )  4.  A final order of deportation has been entered against you.  If you fail to appear for deportation at the time and place ordered by the INS, other than because of exceptional circumstances beyond your control** you will not be eligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for five (5) years after the date you are scheduled to appear.

           **  The term "Exceptional circumstances" refers to exceptional circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A.  THE FORMS OF RELIEF FROM DEPORTATION FOR WHICH YOU WILL BECOME INELIGIBLE ARE:  1) Voluntary departure as provided for in section 242(b) of the Immigration and Nationality Act;
           2) Suspension of deportation or voluntary departure as provided for in section 244(e) of the Immigration and Nationality Act; and
           3) Adjustment of status or change of status as provided for in section 245, 248 or 249 of the Immigration and Nationality Act.

      This written notice was provided to the alien in English and in Spanish Oral notice of the contents of this notice was given to the alien in his/her native language, or in a language he/she understands.

Date:  Feb 2, 2000

                         Immigration Judge: _____
                                 or
                         Clerk of the Court: _____

**EXHIBIT J**

# UNITED STATES DEPARTMENT OF JUSTICE
## IMMIGRATION AND NATURALIZATION SERVICE



### NOTICE OF APPROVAL OF RELATIVE IMMIGRANT VISA PETITION

| | NAME OF BENEFICIARY |
|---|---|
| NAME AND ADDRESS OF APPLICANT/PETITIONER | **Surinder Singh** |

**Debra Ann Singh**
**9 Inwood Drive**
**Bardonia, NY  10954**

| CLASSIFICATION | FILE NO. |
|---|---|
| 201(b) | 73 177 909 |

| DATE PETITION FILED | DATE OF APPROVAL |
|---|---|
| 09/17/97 | OF PETITION 04/24/02 |

### DATE: April 24, 2002

The visa petition you filed has been approved. The beneficiary for whom you filed has been given the appropriate classification. Note the approval gives no assurance that the beneficiary will automatically be found eligible for visa issuance, admission to the United States or adjustment to lawful permanent resident status. Whether the beneficiary gets a visa is decided only when an application is made to a consular officer; whether the beneficiary is admitted or adjusts status in the United States is decided only when an application is made to an immigration officer.

1. ☐ YOUR PETITION TO CLASSIFY THE BENEFICIARY AS AN IMMEDIATE RELATIVE OF A UNITED STATES CITIZEN HAS BEEN FORWARDED TO THE UNITED STATES CONSULATE AT _____. THIS COMPLETES ALL ACTION BY THIS SERVICE ON THE PETITION. THE UNITED STATES CONSULATE, WHICH IS PART OF THE DEPARTMENT OF STATE, WILL CONTACT THE BENEFICIARY AND GIVE INSTRUCTIONS ABOUT GETTING A VISA. QUESTIONS ABOUT GETTING A VISA SHOULD BE MADE TO THE UNITED STATES CONSUL.

2. ☐ IF YOU BECOME A NATURALIZED CITIZEN OF THE UNITED STATES AND AN IMMIGRANT VISA HAS NOT YET BEEN ISSUED TO THE BENEFICIARY NOTIFY THIS OFFICE IMMEDIATELY, GIVING THE DATE OF YOUR NATURALIZATION. IF THE PETITION WAS IN BEHALF OF YUR SON OR DAUGHTER, PLEASE ADVISE WHETHER THAT PERSON IS STILL UNMARRIED. THIS INFORMATIN MAY BE HELPFUL TO THE BENEFICIARY IN GETTING A VISA FASTER.

3. ☐ YOUR PETITION FOR PREFERENCE CLASSIFICATION HAS BEEN FORWARDED TO THE UNITED STATES CONSULATE AT _____. THIS COMPLETES ALL ACTION BY THE SERVICE. THIS SERVICE DOES NOT ISSUE VISAS IN OTHER COUNTRIES. VISAS ARE ISSUED ONLY BY UNITED STATES CONSULS WHO ARE EMPLOYEES OF THE UNITED STATES DEPARTMENT OF STATE. WHEN THE BENEFICIARY'S TURN IS REACHED ON THE VISA WAITING LIST, THE UNITED STATES CONSUL WILL CONTACT THE BENEFICIARY AND GIVE INSTURCTIONS ABOUT GETTING A VISA. VISAS ARE ISSUED ACCORDING TO THE DATE THE PETITION WAS FILED. QUESTIONS ABOUT GETTING A VISA SHOULD BE ADDRESSED TO THE UNITED STATES CONSUL.

4. ☐ YOUR PETITION SAYS THAT THE BENEFICIARY IS IN THE UNITED STATES AND WILL APPLY TO BECOME A LAWFUL PERMANENT RESIDENT. THE ENCLOSED APPLICATION (FORM I-485) SHOULD BE COMPLETED AND SUBMITTED BY THE BENEFICIARY WITHIN 30 DAYS. (IF THE BENEFICIARY PREVIOUSLY SUBMITTED SUCH AN APPLICATION AND HAD IT RETURNED, IT SHOULD BE RESUBMITTED WITHIN 30 DAYS.)

5. ■ THE BENEFICIARY WILL BE INFORMED OF THE DECISION MADE ON THE PENDING APPLICATION TO BECOME A LAWFUL PERMANENT RESIDENT.

6. ☐ THE PETITION SAYS THAT THE BENEFICIARY IS IN THE UNITED STATES AND WILL APPLY TO BECOME A LAWFUL PERMANENT RESIDENT. THE BENEFICIARY MAY NOT APPLY TO BECOME A PERMANENT RESIDENT. HOWEVER UNTIL A VISA NUMBER IS AVAILBALE. INFORMATION ABOUT VISA NUMBERS MAY BE OBTAINED FROM THE UNITED STATES DEPARTMENT OF STATE., BUREAU OF CONSULAR AFFAIRS, WAHSINGTON, DC.

7. ☐ ORIGINAL DOCUMENTS SUBMITTED IN SUPPORT OF YOUR PETITION UNACCOMPANIED BY COPIES HAVE BEEN MADE A PERMANENT PART OF THE PETITION. ANY OTHERS ARE BEING RETURNED WITH THIS FORM.

8. ■ REMARKS. I-130 appeal was  sustained by BIA on March 01,2002.

CC:   Seskin & Sassone, P.C.
      22 South Main Street
      New City, NY  10956

VERY TRULY YOURS
DISTRICT DIRECTOR

FORM I-171



U.S. Departme f tice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia  22041

**Mulgrew, Alexander**
**22 South Main Street,**
**New City,  NY  10956-0000**

**Office of the District Counsel/NY**
**26 Federal Plaza, Room 1130**
**New York, NY  10278**

**Name: Surinder Singh**

**A73-177-909**

Date of this notice: 03/01/2002

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
    COLE, PATRICIA A.
    HESS, FRED
    THOMAS, ELLEN K.

**U.S. Department of Justice**                         Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

---

File:    A73 177 909 - New York City                    Date:      MAR - 1 2002

In re:   SURINDER SINGH, Beneficiary of visa petition filed by
         DEBRA ANN SINGH, Petitioner

IN VISA PETITION PROCEEDINGS

APPEAL

ON BEHALF OF PETITIONER:       Glenn P. Cummings, Esquire

ON BEHALF OF SERVICE:      George J. Ward
                           Assistant District Counsel

APPLICATION:   Petition to classify status of alien relative for issuance of immigrant visa

## I. BACKGROUND

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b), on September 12, 1997. In a decision dated January 21, 2000, the district director denied the petition. The petitioner appealed. The appeal will be sustained.

The petitioner is 41 years old. The beneficiary is a 37-year-old native and citizen of India. The parties were married on August 20, 1997, in New York, New York.

On April 12, 1999, separate sworn statements of the petitioner and beneficiary were given. The parties were represented by counsel during the interviews. The visa petition was denied owing to discrepancies which arose during the interviews. The district director detailed the eleven discrepancies in an attachment to the denial. He also identified the documents submitted by the petitioner. The district director concluded that the petitioner had not provided evidence, either documentary or by testimony, that there is a bona fide marital relationship between the couple and so denied the visa petition.