A73 177 909

## II. APPLICABLE LAW

In visa petition proceedings, the petitioner has the burden of establishing eligibility for the benefits sought. *Matter of Brantigan,*, 11 I&N Dec. 493 (BIA 1966). A marriage that is entered into for the primary purpose of circumventing the immigration laws, referred to as a fraudulent or sham marriage, has not been recognized as enabling an alien spouse to obtain immigration benefits. *Matter of Laureano,* 19 I&N Dec. 1 (BIA 1983); *Matter of McKee,* 17 I&N Dec. 332 (BIA 1980). The central question is whether the bride and groom intended to establish a life together at the time they were married. *See Matter of Laureano, supra; Matter of McKee, supra.*

The conduct of the parties before and after marriage is relevant to their intent at the time of marriage. Where there is reason to doubt the validity of the marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading the immigration laws. Such evidence could take many forms including, but not limited to proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms or bank accounts, and testimony or other evidence regarding courtship. *Matter of Laureano, supra; Matter of Phillis,* 15 I&N Dec. 385 (BIA 1975).

## III. THE PETITIONER'S CONTENTIONS

The petitioner appeals the denial based upon the following contentions. She asserts that the district director erred in denying the visa petition as she provided evidence that she and her spouse share a bona fide marital relationship. She also stated that the director failed to consider several pieces of documentation. Finally, she asserted that the interviewing officer failed to take into consideration the beneficiary's limited command of the English language and the resultant confusion as to several of the posed questions.

In a brief submitted on appeal, the petitioner asserts that the district director did not properly weigh the evidence presented. She also again advances the argument that the allegedly erroneous answers were given primarily by the beneficiary because of his limited English skills and his misinterpretation of the questions. The petitioner also asserts that the district director did not look at the record in its totality. She argues that the record is more replete with evidence of a bona fide marriage than a sham marriage.

## IV. ANALYSIS

Following our review of this record, we shall sustain the appeal and grant the visa petition. We review the record made below mindful of the following. In visa petition proceedings, the burden of proof is on the petitioner to establish eligibility for the benefit sought. The petitioner's burden is generally that of a preponderance of the evidence. *Matter of Patel,* 19 I&N Dec. 744 (BIA 1988); *Matter of Soo Hoo,* 11 I&N Dec. 151 (BIA 1965). Preponderance is determined by the weight of

2

the evidence, which is determined by the witnesses' opportunity for knowledge, the information actually possessed and related, and the manner in which testimony is given. *Matter of Carrubba*, 11 I&N Dec. 914 (BIA 1966).

We disagree with the district director's conclusion that: "The petitioners [sic] not provided evidence, either documentary or by testimony given at the time of the interview, that there is a bona fide marital relationship." We initially point to the absence of any discussion as to the evidentiary weight given to the documentation submitted in this matter. Our review indicates documents which substantiate the petitioner's claim to a bona fide marital relationship. Most notable is the birth certificate of the couple's child which identifies the beneficiary as the child's father. We find the birth certificate to constitute substantial evidence of a bona fide relationship. We also note the presence of a "client's copy" of a 1998 federal income tax return which the parties filed jointly. Additionally, there is an automobile insurance bill in the name of both parties indicating that they are insured by Allstate. We are also aware of the joint checking account of the parties. The record holds a check drawn on the account dated December 23, 1998, approximately 4 months prior to the interviews. This factor signifies a commingling of funds, one of the indicia of a bona fide marriage.

Turning to the sworn statements given by the couple, we initially underscore that the beneficiary signed a statement, prior to his interview, which indicated both that he did not require an interpreter for his native language and that he would not appeal an adverse decision by the district director on the basis of his inability to articulate and comprehend the English language. Secondly, the parties' counsel was present at the time that the statements were given and could have requested clarification of any ambiguous questions. These two factors naturally undercut a number of the explanations given by the petitioner on appeal for the discrepancies. That being stated, we can appreciate the difficulties facing the couple at the time of the interviews, both in terms of nervousness and stress, but such does not eliminate our responsibility to fairly adjudicate the matter before us.

As we review the record, we note that a number of the inconsistencies were explained either on appeal or at the time of the interviews. For example, although the beneficiary initially erred in giving the date of his daughter's birth, he corrected the month and day when he realized his error but not the year (Tr. at 28). Additionally, as pointed out in the petitioner's brief, although the beneficiary misspoke the year of his daughter's birth, there are other factors in the record which indicate that he is intimately acquainted with the child's care, such as the brand of diapers the child wears to bed, the child's favorite toy, as well as a close approximation of the name of the formula given to the child.

We also acknowledge that some of the questions posed by the examiner and used for the denial were items that people do not generally exactly know. Here we place the question regarding the total household income for 1998. Although the beneficiary did not know the amount of the total household income, he was very close in his recollection of the amount of money paid in taxes to both the federal and state governments. This factor is not noted by the district director. We find the recollection of taxes paid ameliorate the error noted by the district director regarding the questions involving the total household income.

3

A73 177 909

    We conclude that the record supports the granting of the visa petition in this matter. Clearly, the record does not support the district director's statement that no testimonial or documentary evidence was presented. We underscore the birth certificate of Norma Lily Singh in which the couple is identified as the child's parents. In the aggregate, more questions were answered identically rather than differently. The following order is entered:

ORDER: The appeal is sustained and the visa petition is approved.

_____
FOR THE BOARD

**EXHIBIT K**

U.S. Department of Justice
Immigration and Naturalization Service

Notice of Action -- Voluntary Departure

|  |  |
|---|---|
| To: (Enter full name and mailing address of alien) | Please refer to this file number<br>File **A73 177 909 DB/PPF** |
|  | Date: **12/11/2002** |

Surinder SINGH
9 Inwood Drive
Bardonia, NY 10954

Please note: the blocks checked below relate to action taken in your case.

☐ You have violated the terms of your admission as a nonimmigrant. Consequently, the permission previously granted you to remain in the United States is rescinded. You are required to depart from the United States at your own expense on or before _____

☐ In accordance with a decision made in your case, you are required to depart from the United States at your own expense on or before _____

☒ Your request for an extension of time in which to depart from the United States has been **APPROVED**. You are required to depart on or before **June 20, 2003**
(Approved/denied)

☐ The amount of time that you have been granted to depart voluntarily is the maximum allowable under the law in your situation. You are, therefore, prohibited from applying for or being granted any further voluntary departure.

☐ Your request for voluntary departure has been denied since you were previously granted voluntary departure and failed to depart

☐ You are ineligible for voluntary departure because you were previously permitted to depart voluntarily after you were found inadmissible as an alien who was present without having been admitted or paroled.

☒ You must notify this office on or before **June 16, 2003** of the arrangement you have made to effect your departure, including the date, place and manner. Use the enclosed self-addressed card to notify this office regarding departure arrangements. Postage is not required. <u>At the time of your departure you must surrender Form I-94, ARRIVAL-DEPARTURE RECORD, in accordance with instructions on that form.</u>

**NOTICE:** Failure to depart on or before the specified date may result in the withdrawal of voluntary departure and action being taken to effect your removal. Failure to depart on or before the specified date may also subject you to a possible civil penalty of not less than $1,000 and not more than $5,000, and render you ineligible for a period of 10 years for any further authorization for voluntary departure or for relief under sections 240A, 245, 248, and 249 of the Immigration and Nationality Act.

If there is a bond outstanding in your case, you are warned that, to expedite cancellation of the bond and return of the collateral posted, you must make advance arrangements with this office to have your departure witnessed by an officer of this Service.

Seskin & Sassone P.C.
22 South Main Street
New City, NY 10956

Sincerely,

*[signature]*
Edward J. McElroy
District Director
New York District

| Departed | Port | FOR IMMIGRATION AND NATURALIZATION SERVICE USE ONLY |  |  |  |
|---|---|---|---|---|---|
|  | To _____ | Date _____<br>Via _____ | ☐ I-94 stamped<br>☐ DACS Updated | ☐ I-530 submitted |  |

## CERTIFICATE OF SERVICE

I hereby certify that on this ___10th___ day of June, 2003, I caused a true copy of the foregoing:

## MOTION TO REOPEN DEPORTATION PROCEEDINGS

☐   by placing said copy in a sealed envelope, with postage thereon fully prepaid, and causing the same to be mailed by first class mail to the person at the address set forth below.

☐   by causing said copy to be personally delivered to the person at the address set forth below.

☐   by AIRBORNE EXPRESS to the person at the address set forth below.

☐   by certified mail-return receipt requested to the person at the address set forth below.

☐   by telefacsimile, with acknowledgment of receipt to the person at the address and telefacsimile number set forth below.

> Office of the District Counsel
> Bureau of Immigration and Customs Enforcement
> 26 Federal Plaza, Room 11-1130
> New York, New York 10278

I declare under penalty of perjury that the foregoing is true and correct.

Executed:

_[signature]_
Alexander S. Mulgrew

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
NEW YORK, NEW YORK

C# 993451

In the Matter of:

SINGH, SURINDER,

         Respondent.

In DEPORTATION Proceedings

File No.: A73-177-909

### MOTION TO REOPEN

Respondent, Surinder Singh, by and through his attorneys, Mulgrew & Sassone, respectfully requests that the Immigration Judge reopen these deportation proceedings pursuant to 8 C.F.R. §§3.23(b) and 240.31 for the limited purpose of Respondent adjusting his status to that of Lawful Permanent Resident.

The Office of the District Counsel has reviewed Respondent's case and has agreed to join in respondent's motion to reopen (See letter from Assistant District Counsel Susan Egan annexed hereto.).

WHEREFORE, Respondent, through counsel, respectfully requests that the Immigration Judge reopen these deportation proceedings.

Dated: June 4, 2003

Respectfully submitted,

Mulgrew & Sassone

by: _____
Alexander S. Mulgrew
Attorneys for Respondent
22 South Main Street
New City, NY 10956
(845) 639-4664

[Stamps: DISTRICT COUNSEL, 2003 JUN 10 AM 11:06; NEW YORK, NY 10270, 2003 JUN 10 AM 11:06, DEPARTMENT OF JUSTICE]



**U.S. Department of Homeland Security**

Office of the District Counsel

26 Federal Plaza, Room 1130
New York, NY 10278
(212) 264-5916

15 May 2003

Mr. Andrew Mulgrew Esq.
22 South Main Street
New City, New York 10956

Re: Surinder SINGH  File No. A73 177 909

Dear Mr. Mulgrew,

    I am in receipt of your request to join in a motion to reopen, relating to the above named individual.

    I have carefully reviewed the facts and note that the above named is currently in voluntary departure status. Therefore, I will join in your motion.

Very truly yours,

Susan Egan
Asst. District Counsel

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
NEW YORK, NEW YORK

---

In the Matter of:

SINGH, SURINDER,

           Respondent.

---

In DEPORTATION Proceedings

File No.: A73-177-909

## AFFIRMATION IN SUPPORT

ALEXANDER S. MULGREW, an attorney duly admitted to practice before the courts of the State of New York, hereby affirms the following under penalty of perjury:

1.    Mr. Singh was placed into deportation proceedings on or about March 12, 1997. (See Exhibit B annexed hereto)

2.    On August 20, 1997 Mr. Singh married Debra Ann Totani, a United States citizen. (See Exhibit C annexed hereto) On September 12, 1997, as prospective relief from deportation, Mr. and Mrs. Singh filed a petition for alien relative and application to adjust status. (See Exhibit D annexed hereto).

3.    The Singhs were originally scheduled for an interview with the Non-immigrant Unit on June 3, 1998. Unfortunately, on June 2, 1998 Mrs. Singh was admitted to Nyack Hospital in Rockland County, New York due to complications with her pregnancy, and the Singh's were unable to attend their interview. (See Exhibit E annexed hereto) The Singh's daughter, Norma Lily, was born several months premature on June 4, 1998. (See Exhibit F annexed hereto). The Singh's attended their rescheduled interview on April 12, 1999.

4. On January 21, 2000 the District Director denied the petition for alien relative filed by Mrs. Singh. (See Exhibit G annexed hereto). Undersigned counsel filed an appeal of this decision on February 2, 2000. (See Exhibit H annexed hereto). At this point confusion arose and Mrs. Singh's notice of appeal was misplaced.

5. On February 2, 2000 Mr. Singh was forced by circumstances to accept a grant of voluntary departure until January 2, 2001. (See Exhibit I annexed hereto).

6. After much wrangling and additional confusion, including the filing of a second petition for alien relative and application to adjust status, this issue was resolved and on March 1, 2002 the Board of Immigration Appeals upheld Mrs. Singh's appeal. (See Exhibit J annexed hereto).

7. During the pendency of these proceedings Mr. Singh has filed several requests for an extension of the grant of voluntary departure. The District Director granted the most recent request on December 11, 2002 extending Mr. Singh's voluntary departure until ~~June 20~~ July 21, 2003. (See Exhibit K annexed hereto).

8. Based upon the foregoing, and in light of the fact that the Service has joined this motion to reopen, Respondent respectfully requests that this Court reopen his deportation proceedings so that they may then be terminated for the limited purpose of adjudication of his application to adjust status.

Affirmed:    New City, New York
             June 4, 2003

ALEXANDER S. MULGREW

**EXHIBIT A**



U. S. Department of Justice
Immigration and Naturalization Service

## PRESENT THIS LETTER AT THE WORTH STREET ENTRANCE

---

Surinder SINGH

9 Inwood Drive

Bardonia, NY 10954

**File Number:** A29747318

**Date:** 10/17/2002

Please come to the office shown below at the time and place indicated in connection with an official matter.

| | | | |
|---|---|---|---|
| **OFFICE LOCATION** | 26 FEDERAL PLAZA<br>NEW YORK, NY 10278 | Room No.<br>8-800 | Floor No.<br>8TH |
| **DATE AND HOUR** | | 01/29/2003 | 9:30:00 AM |
| **ASK FOR** | IMMIGRATION EXAMINER | | |
| **REASON FOR APPOINTMENT** | ADJUSTMENT OF STATUS | | |
| **BRING WITH YOU** | SEE ATTACHMENTS | | |

IT IS IMPORTANT THAT YOU KEEP THIS APPOINTMENT AND BRING THIS LETTER WITH YOU.
IF YOU ARE UNABLE TO DO SO, STATE YOUR REASON, SIGN BELOW AND RETURN THIS LETTER.

WARNING:
    IF YOU CONSIDER DEPARTING FROM THE UNITED STATES TO ANY COUNTRY, INCLUDING CANADA OR MEXICO, BEFORE A DECISION IS MADE ON YOUR APPLICATION, CONSULT WITH THIS OFFICE BEFORE DEPARTURE SINCE A DEPARTURE FROM THE UNITED STATES WILL RESULT IN TERMINATION OF YOUR APPLICATION.

| I am unable to keep the appointment because: |
|---|
| |
| SIGNATURE            DATE |

**Attorney Name:** Seskin & Sassone
**Attorney Address:** 22 South Main Street
New City, NY 10956-

*Fingerprint appointment forward to applicant.

Very truly yours,

EDWARD J. MCELROY
District Director

**EXHIBIT B**