UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
26 Federal Plaza
New York, New York 10278

Refer to this File Number:
A 73 177 909

JAN 2 1 2000

Debra Ann Singh
9 Inwood Drive
Bardonia, New York, 10954

It is ordered that your <u>Petition to Classify Status of Alien</u>
              X  be denied because:
<u>Relative for Issuance of Immigrant Visa</u>
               be revoked because:

SEE ATTACHMENT

You may, if you wish, appeal this decision. You must submit such
an appeal to THIS OFFICE with a filing fee of $110.00. If you do
not file an appeal within the time allowed, this decision is
final. Appeal in your case may be made to:

X    The Board of Immigration Appeals (Board) in Falls Church,
     Virginia. It must reach this office <u>within 15 calendar days</u>
     from the date this notice is served (18 days if this notice
     is mailed).

     The Administrative Appeals Unit (AAU) in Washington D.C. It
     must reach this office <u>within 30 calendar days</u> from the date
     this notice is served (33 days if this notice is mailed.

DO <u>NOT</u> send your appeal directly to the Board or to the AAU.
Please direct any questions you may have to the Immigration and
Naturalization Service office nearest your residence.

cc: Thomas Sassone
    22 South Main Street
    New City, New York 10956

                  Sincerely,

                  Edward J. McElroy
                  District Director

Enclosure(s)

Form I-292(Rev. 10-26-90)N

ATTACHMENT TO FORM I-292

File No. A 73 177 909

The visa petition filed on September 17, 1997 by Debra Ann Singh for her spouse, Surinder Singh who seeks to confer immediate relative classification by virtue of his marriage to the petitioner a citizen of the United States.

The record reflects that the petitioner was born on January 5, 1961 in New York and claims one prior marriage and one child. the beneficiary was born on July 19, 1965 in Punjab, India and claims no prior marriage and no children.

The beneficiary last entered the United States in September of 1992 without inspection. On September 9, 1993 an application for asylum was filed by the beneficiary. On March 12, 1997 that application was deemed non-credible and an Order to Show Cause was issued. On August 20, 1997 the petitioner and the beneficiary were married in New City, New York. The case was referred for a Stokes Interview by District Council.

On Monday April 12, 1997 the petitioner and the beneficiary appeared at this office for an interview conducted in accordance with the procedures enumerated in STOKES v. INS, No. 74 Civ. 1022 (S.D.N.Y. November 10, 1976). At the Stokes Interview numerous discrepancies arose between the petitioner's and the beneficiary's separate sworn statements some of those discrepancies are as follows:

The petitioner stated that the date of birth of the child Norma Singh was June 4, 1998.  The beneficiary stated that the date of birth of the child was June 4, 1997.

The petitioner stated that she and the beneficiary started living together in November of 1995.  The beneficiary stated that he and the petitioner started living together in July of 1995.

The petitioner stated that for her birthday, prior to the interview,  she received a necklace from the beneficiary which she had the beneficiary return and get her " a bunch of little things" which included a gold baby charm, a chain, a watch, and a bracelet for the child Norma.  The beneficiary stated that for the petitioner's birthday he gave her a card with lottery tickets in it.

The petitioner stated that for Christmas she received a card with lottery tickets in it from the beneficiary.  The beneficiary stated that he could not recall what he gave the petitioner for Christmas.

The petitioner stated that for their most recent anniversary she received a diamond necklace from the beneficiary. The beneficiary stated that he and the petitioner did not exchange gifts that he merely took the petitioner out to dinner for their anniversary.

The petitioner stated that the beneficiary had been at his present job as a machinist for 3 years. The beneficiary stated that he had been at his present job as a machinist for 2 years.

The petitioner stated that the total household income on their 1998 joint Federal tax return was $25000. The beneficiary did not know what the total income was on their joint 1998 Federal income tax return. A review of the 1998 tax return submitted at the interview shows a total income of just over $33000 for 1998.

The petitioner stated of their joint checking account that they presently have that she had the account prior and she added the beneficiary to her account. The beneficiary stated of the checking account that they presently have, that he and the petitioner had opened it together. A review of the bank statements provide at the time of the interview, for 3 separate banks shows 2 of the accounts in the beneficiary's name, one in the petitioner's name, and none listed as a joint account.

The petitioner stated that the last time she and the beneficiary went to a restaurant they had gone to a Turkish restaurant a few weeks prior to the interview with the petitioner's entire family, and that the restaurant was located in New Jersey. The beneficiary could not recall when, where, or what type of restaurant he and the petitioner last went to.

The petitioner stated that the smoke alarm that they have in their apartment is located in hallway outside of the bedroom. The beneficiary stated that the smoke alarm located in their apartment is in the hallway closest to their kitchen.

In addition a review of the documentation on file and the documentation provided revealed the following inconsistency: the beneficiary's G-325 filed with his political asylum application showed an address of 104-33 122 Street Richmond Hill from September of 1992 until at least August 31 1993 when the application was filed. The G-325 for the beneficiary filed with the I-130 application showed the beneficiary at 121-06 109 Avenue South Ozone Park from September of 1992 until March of 1994.

The documentation provided for the interview is as follows?

Copy of the petitioner's driver's license, copy of the beneficiary's work authorization, copies of Social Security cards for both individuals, copies of 1997, and 1998 tax returns, copy of a birth certificate for the child Norma, a letter of recommendation from a friend, letters of employment for the beneficiary, birth certificate, and divorce decree for the

petitioner, copy of marriage certificate, bills, a bill from Terrace on the Hudson, All State bills, Bell Atlantic bills, A t and t bills, bank statements, pay stub for the petitioner, assorted mailings, assorted photos, and a master card statement for the petitioner's master card account.

The petitioners not provided evidence, either documentary or by testimony given at the time of the interview that there is a bona fide marital relationship.    The conduct of the parties of marriage is relevant to their intent at the time of the marriage, Lutwak v. United States, 344 U.S. 604 (1953).    Evidence to establish intent can take many forms, including, but not limited to, the proof that the beneficiary has been listed as a spouse on income tax returns, bank accounts, and testimony or other evidence regarding wedding ceremony, shared residence, and other evidence.    Further where there is reason to doubt the validity of the marital relationship the petitioner must show evidence that the marriage was not entered into for the purpose of evading the immigration laws, Matter of Phillis,
15 I&N Dec. 385 (BIA 1975), Matter of Laureano,
19 I&N Dec. 1 (BIA 1983), Matter of Bark,
11 F2d 1200 (9th Cir. 1975).

In visa petition procedings, the petitioner bears responsibility of establishing eligibility for the benefits sought, Matter of Brant gan     , 11 I&N Dec 493 (BIA 1966).    Further where there is reason to doubt the validity of the marital relationship the visa petition must show evidence that the marriage was not entered into for the purpose of evading the immigration laws, Matter of Phillis, Supra.

You have not provided evidence, either documentary or by testimony given at the time of this interview that there is, in fact, a bona fide marital relationship.    In accordance with the above, your immigrant visa petition is hereby denied.

**EXHIBIT H**

NOTICE OF APPEAL TO THE BOARD OF IMMIGRATION APPEALS OF DECISION OF DISTRICT DIRECTOR

| In the Matter: | | Fee Stamp |
| --- | --- | --- |
| | FEB 2 2000 | |
| Debra Ann Singh and Surinder Singh | | |

File Number:   A  73   —   177   —   909

1.   I hereby appeal to the Board of Immigration Appeals from the decision of the District Director,
     New York _____ District, dated January 21, 2000 _____, in the above entitled case.

2.   Specify reasons for this appeal and continue on separate sheets if necessary.  If the factual or legal basis for the appeal
     is not sufficiently described the appeal may be summarily dismissed.

          The District Director incorrectly held that the petitioners had not
     provided evidence that they have a bona fide marital relationship.  The District
     Director failed to consider several pieces of documentation and failed to attribute
     sufficient weight to the documentation provided.  In addition, the interviewing
     officer failed to take into consideration the beneficiary's limited command of
     the English language and the resultant confusion regarding several questions, when
     evaluating the response4s given by the petitioner and the beneficiary.

3.   I ☐ do ☑ do not desire oral argument before the Board of Immigration Appeals in Falls Church, Virginia.

4.   I ☑ am ☐ am not filing a separate written brief or statement.

_____
Signature of Appellant
(or attorney or representative)

Alexander Mulgrew
_____
(print or type name)

01/31/00
_____
Date

Sassone Zemanek & Girasa
_____

22 South Main Street
_____

New City NY 10956
_____
Address (number, street, city, state, Zip code)

U.S.I.N.S.
FEE RECEIPT
A CENTURY OF SERVICE

02/02/00                        N.Y.C.

73177909*#
SINGH #
EIOR 29                    ¥ 110.00
SUBTTL                       110.00
TTLAMT                   110.00
PC                           110.00
CHANGE                         0.00

                           1 ITEMS

0013006                      8:52

**EXHIBIT 1**

**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge

In the Matter of:

_Jinder Singh_

**RESPONDENT**

Case No.: A 73-177-907

Docket: New York JSC

IN DEPORTATION PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on _Feb. 2, 2000_
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

☐ The respondent was ordered deported to _____

☐ Respondent's application for voluntary departure was denied and respondent was ordered deported to _____ or in the alternative to_____

☑ Respondent's application for voluntary departure was granted until _Jan. 2, 2001_, with an alternate order of deportation to _India_ or _N/A_

☑ Respondent's application for asylum was ( )granted ( )denied (✓)withdrawn ( )other.

☑ Respondent's application for withholding of deportation was ( )granted ( )denied (✓)withdrawn ( )other.

☐ Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for waiver under Section _____ of the Immigration and Nationality Act was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for _____was ( )granted ( )denied ( )withdrawn ( )other.

☐ Proceedings were terminated.

☐ The application for adjustment of status under Section (216)(216A)(245)(249) was ( )granted ( )denied ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

☐ Respondent's status was rescinded under Section 246.

☐ Other _____

☑ Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

_____
Immigration Judge

Date: _Feb 2 2000_

Appeal: RESERVED/WAIVED ( A /H /B )

Form EOIR - 37
REV. - JUNE 93