ALIEN NUMBER:  73-177-909                    NAME:  SINGH, SURINDER

### LIMITATION ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

( )  1.  You have been scheduled for a deportation hearing, at the time and place set forth on the attached sheet.  Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of five (5) years after the date of entry of the final order of deportation.

( )  2.  You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice.  Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of five (5) years from the date of your scheduled hearing.

(✓)  3.  You have been granted voluntary departure from the United States pursuant to section 244(e)(1) of the Immigration and Nationality Act.  Remaining in the United States beyond the authorized date other than because of exceptional circumstances beyond your control** will result in your being ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for five (5) years from the date of scheduled departure or the date of unlawful reentry, respectively.

( )  4.  A final order of deportation has been entered against you.  If you fail to appear for deportation at the time and place ordered by the INS, other than because of exceptional circumstances beyond your control** you will not be eligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for five (5) years after the date you are scheduled to appear.

          **  The term "Exceptional circumstances" refers to exceptional circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A.   THE FORMS OF RELIEF FROM DEPORTATION FOR WHICH YOU WILL BECOME INELIGIBLE
ARE:  1)  Voluntary departure as provided for in section 242(b) of the Immigration and Nationality Act;
      2)  Suspension of deportation or voluntary departure as provided for in section 244(e) of the Immigration and Nationality Act; and
      3)  Adjustment of status or change of status as provided for in section 245, 248 or 249 of the Immigration and Nationality Act.

     This written notice was provided to the alien in English and in Spanish.  Oral notice of the contents of this notice was given to the alien in his/her native language, or in a language he/she understands.

Date:  Feb 2, 2000

                              Immigration Judge: _____
                                        or
                              Clerk of the Court: _____  M2



**EXHIBIT J**



# UNITED STATES DEPARTMENT OF JUSTICE
## IMMIGRATION AND NATURALIZATION SERVICE

### NOTICE OF APPROVAL OF RELATIVE IMMIGRANT VISA PETITION

NAME AND ADDRESS OF APPLICANT/PETITIONER

Debra Ann Singh
9 Inwood Drive
Bardonia, NY  10954

| NAME OF BENEFICIARY | |
|---|---|
| **Surinder Singh** | |
| CLASSIFICATION<br>201(b) | FILE NO.<br>73 177 909 |
| DATE PETITION FILED<br>09/17/97 | DATE OF APPROVAL<br>OF PETITION<br>04/24/02 |

### DATE: April 24, 2002

The visa petition you filed has been approved. The beneficiary for whom you filed has been given the appropriate classification. Note the approval gives no assurance that the beneficiary will automatically be found eligible for visa issuance, admission to the United States or adjustment to lawful permanent resident status. Whether the beneficiary gets a visa is decided only when an application is made to a consular officer; whether the beneficiary is admitted or adjusts status in the United States is decided only when an application is made to an immigration officer.

1. ☐ YOUR PETITION TO CLASSIFY THE BENEFICIARY AS AN IMMEDIATE RELATIVE OF A UNITED STATES CITIZEN HAS BEEN FORWARDED TO THE UNITED STATES CONSULATE AT _____. THIS COMPLETES ALL ACTION BY THIS SERVICE ON THE PETITION. THE UNITED STATES CONSULATE, WHICH IS PART OF THE DEPARTMENT OF STATE, WILL CONTACT THE BENEFICIARY AND GIVE INSTRUCTIONS ABOUT GETTING A VISA. QUESTIONS ABOUT GETTING A VISA SHOULD BE MADE TO THE UNITED STATES CONSUL.

2. ☐ IF YOU BECOME A NATURALIZED CITIZEN OF THE UNITED STATES AND AN IMMIGRANT VISA HAS NOT YET BEEN ISSUED TO THE BENEFICIARY NOTIFY THIS OFFICE IMMEDIATELY, GIVING THE DATE OF YOUR NATURALIZATION. IF THE PETITION WAS IN BEHALF OF YUR SON OR DAUGHTER, PLEASE ADVISE WHETHER THAT PERSON IS STILL UNMARRIED. THIS INFORMATIN MAY BE HELPFUL TO THE BENEFICIARY IN GETTING A VISA FASTER.

3. ☐ YOUR PETITION FOR PREFERENCE CLASSIFICATION HAS BEEN FORWARDED TO THE UNITED STATES CONSULATE AT _____. THIS COMPLETES ALL ACTION BY THE SERVICE. THIS SERVICE DOES NOT ISSUE VISAS IN OTHER COUNTRIES. VISAS ARE ISSUED ONLY BY UNITED STATES CONSULS WHO ARE EMPLOYEES OF THE UNITED STATES DEPARTMENT OF STATE. WHEN THE BENEFICIARY'S TURN IS REACHED ON THE VISA WAITING LIST, THE UNITED STATES CONSUL WILL CONTACT THE BENEFICIARY AND GIVE INSTURCTIONS AROUT GETTING A VISA. VISAS ARE ISSUED ACCORDING TO THE DATE THE PETITION WAS FILED. QUESTIONS ABOUT GETTING A VISA SHOULD BE ADDRESSED TO THE UNITED STATES CONSUL.

4. ☐ YOUR PETITION SAYS THAT THE BENEFICIARY IS IN THE UNITED STATES AND WILL APPLY TO BECOME A LAWFUL PERMANENT RESIDENT. THE ENCLOSED APPLICATION (FORM I-485) SHOULD BE COMPLETED AND SUBMITTED BY THE BENEFICIARY WITHIN 30 DAYS. (IF THE BENEFICIARY PREVIOUSLY SUBMITTED SUCH AN APPLICATION AND HAD IT RETURNED, IT SHOULD BE RESUBMITTED WITHIN 30 DAYS.)

5. ■ THE BENEFICIARY WILL BE INFORMED OF THE DECISION MADE ON THE PENDING APPLICATION TO BECOME A LAWFUL PERMANENT RESIDENT.

6. ☐ THE PETITION SAYS THAT THE BENEFICIARY IS IN THE UNITED STATES AND WILL APPLY TO BECOME A PERMANENT RESIDENT. THE BENEFICIARY MAY NOT APPLY TO BECOME A PERMANENT RESIDENT. HOWEVER UNTIL A VISA NUMBER IS AVAILBALE. INFORMATION ABOUT VISA NUMBERS MAY BE OBTAINED FROM THE UNITED STATES DEPARTMENT OF STATE., BUREAU OF CONSULAR AFFAIRS, WAHSINGTON, DC.

7. ☐ ORIGINAL DOCUMENTS SUBMITTED IN SUPPORT OF YOUR PETITION UNACCOMPANIED BY COPIES HAVE BEEN MADE A PERMANENT PART OF THE PETITION. ANY OTHERS ARE BEING RETURNED WITH THIS FORM.

8. ■ REMARKS. I-130 appeal was sustained by BIA on March 01,2002.

CC:  Seskin & Sassone, P.C.
22 South Main Street
New City, NY  10956

VERY TRULY YOURS

DISTRICT DIRECTOR

FORM I-171



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Mulgrew, Alexander**
**22 South Main Street,**
**New City,  NY  10956-0000**

**Office of the District Counsel/NY**
**26 Federal Plaza, Room 1130**
**New York, NY  10278**

**Name: Surinder Singh**                          A73-177-909

<u>D</u>ate of this notice: 03/01/2002

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
    COLE, PATRICIA A.
    HESS, FRED
    THOMAS, ELLEN K.

U.S. Department of Justice                          Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:    A73 177 909 - New York City              Date:      MAR - 1 2002

In re:   SURINDER SINGH, Beneficiary of visa petition filed by
         DEBRA ANN SINGH, Petitioner

IN VISA PETITION PROCEEDINGS

APPEAL

ON BEHALF OF PETITIONER:    Glenn P. Cummings, Esquire

ON BEHALF OF SERVICE:    George J. Ward
                         Assistant District Counsel

APPLICATION:    Petition to classify status of alien relative for issuance of immigrant visa


## I. BACKGROUND

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b), on September 12, 1997. In a decision dated January 21, 2000, the district director denied the petition. The petitioner appealed. The appeal will be sustained.

The petitioner is 41 years old. The beneficiary is a 37-year-old native and citizen of India. The parties were married on August 20, 1997, in New York, New York.

On April 12, 1999, separate sworn statements of the petitioner and beneficiary were given. The parties were represented by counsel during the interviews. The visa petition was denied owing to discrepancies which arose during the interviews. The district director detailed the eleven discrepancies in an attachment to the denial. He also identified the documents submitted by the petitioner. The district director concluded that the petitioner had not provided evidence, either documentary or by testimony, that there is a bona fide marital relationship between the couple and so denied the visa petition.

A73 177 909

## II. APPLICABLE LAW

In visa petition proceedings, the petitioner has the burden of establishing eligibility for the benefits sought. *Matter of Brantigan,*, 11 I&N Dec. 493 (BIA 1966). A marriage that is entered into for the primary purpose of circumventing the immigration laws, referred to as a fraudulent or sham marriage, has not been recognized as enabling an alien spouse to obtain immigration benefits. *Matter of Laureano,* 19 I&N Dec. 1 (BIA 1983); *Matter of McKee,* 17 I&N Dec. 332 (BIA 1980). The central question is whether the bride and groom intended to establish a life together at the time they were married. *See Matter of Laureano, supra; Matter of McKee, supra.*

The conduct of the parties before and after marriage is relevant to their intent at the time of marriage. Where there is reason to doubt the validity of the marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading the immigration laws. Such evidence could take many forms including, but not limited to proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms or bank accounts, and testimony or other evidence regarding courtship. *Matter of Laureano, supra; Matter of Phillis,* 15 I&N Dec. 385 (BIA 1975).

## III. THE PETITIONER'S CONTENTIONS

The petitioner appeals the denial based upon the following contentions. She asserts that the district director erred in denying the visa petition as she provided evidence that she and her spouse share a bona fide marital relationship. She also stated that the director failed to consider several pieces of documentation. Finally, she asserted that the interviewing officer failed to take into consideration the beneficiary's limited command of the English language and the resultant confusion as to several of the posed questions.

In a brief submitted on appeal, the petitioner asserts that the district director did not properly weigh the evidence presented. She also again advances the argument that the allegedly erroneous answers were given primarily by the beneficiary because of his limited English skills and his misinterpretation of the questions. The petitioner also asserts that the district director did not look at the record in its totality. She argues that the record is more replete with evidence of a bona fide marriage than a sham marriage.

## IV. ANALYSIS

Following our review of this record, we shall sustain the appeal and grant the visa petition. We review the record made below mindful of the following. In visa petition proceedings, the burden of proof is on the petitioner to establish eligibility for the benefit sought. The petitioner's burden is generally that of a preponderance of the evidence. *Matter of Patel,* 19 I&N Dec. 744 (BIA 1988); *Matter of Soo Hoo,* 11 I&N Dec. 151 (BIA 1965). Preponderance is determined by the weight of

A73 177 909

the evidence, which is determined by the witnesses' opportunity for knowledge, the information actually possessed and related, and the manner in which testimony is given. *Matter of Carrubba*, 11 I&N Dec. 914 (BIA 1966).

We disagree with the district director's conclusion that: "The petitioners [sic] not provided evidence, either documentary or by testimony given at the time of the interview, that there is a bona fide marital relationship." We initially point to the absence of any discussion as to the evidentiary weight given to the documentation submitted in this matter. Our review indicates documents which substantiate the petitioner's claim to a bona fide marital relationship. Most notable is the birth certificate of the couple's child which identifies the beneficiary as the child's father. We find the birth certificate to constitute substantial evidence of a bona fide relationship. We also note the presence of a "client's copy" of a 1998 federal income tax return which the parties filed jointly. Additionally, there is an automobile insurance bill in the name of both parties indicating that they are insured by Allstate. We are also aware of the joint checking account of the parties. The record holds a check drawn on the account dated December 23, 1998, approximately 4 months prior to the interviews. This factor signifies a commingling of funds, one of the indicia of a bona fide marriage.

Turning to the sworn statements given by the couple, we initially underscore that the beneficiary signed a statement, prior to his interview, which indicated both that he did not require an interpreter for his native language and that he would not appeal an adverse decision by the district director on the basis of his inability to articulate and comprehend the English language. Secondly, the parties' counsel was present at the time that the statements were given and could have requested clarification of any ambiguous questions. These two factors naturally undercut a number of the explanations given by the petitioner on appeal for the discrepancies. That being stated, we can appreciate the difficulties facing the couple at the time of the interviews, both in terms of nervousness and stress, but such does not eliminate our responsibility to fairly adjudicate the matter before us.

As we review the record, we note that a number of the inconsistencies were explained either on appeal or at the time of the interviews. For example, although the beneficiary initially erred in giving the date of his daughter's birth, he corrected the month and day when he realized his error but not the year (Tr. at 28). Additionally, as pointed out in the petitioner's brief, although the beneficiary misspoke the year of his daughter's birth, there are other factors in the record which indicate that he is intimately acquainted with the child's care, such as the brand of diapers the child wears to bed, the child's favorite toy, as well as a close approximation of the name of the formula given to the child.

We also acknowledge that some of the questions posed by the examiner and used for the denial were items that people do not generally exactly know. Here we place the question regarding the total household income for 1998. Although the beneficiary did not know the amount of the total household income, he was very close in his recollection of the amount of money paid in taxes to both the federal and state governments. This factor is not noted by the district director. We find the recollection of taxes paid ameliorate the error noted by the district director regarding the questions involving the total household income.

3

A73 177 909

We conclude that the record supports the granting of the visa petition in this matter. Clearly, the record does not support the district director's statement that no testimonial or documentary evidence was presented. We underscore the birth certificate of Norma Lily Singh in which the couple is identified as the child's parents. In the aggregate, more questions were answered identically rather than differently. The following order is entered:

ORDER:  The appeal is sustained and the visa petition is approved.

FOR THE BOARD

4

**EXHIBIT K**

Please refer to this file numbe
File  A73 177 909 DB/PPI

Date:  12/11/2002

To: (Enter full name and mailing address of alien)

Surinder SINGH
9 Inwood Drive
Bardonia, NY 10954

Please note:  the blocks checked below relate to action taken in your case.

☐  You have violated the terms of your admission as a nonimmigrant.  Consequently, the permission previously granted you to remain in the United States is rescinded.  You are required to depart from the United States at your own expense on or before

_____

☐  In accordance with a decision made in your case, you are required to depart from the United States at your own expense on or before _____ .

☒  Your request for an extension of time in which to depart from the United States has been        APPROVED        .You are

required to depart on or before    June 20, 2003 _____        (Approved/denied)

☐  The amount of time that you have been granted to depart voluntarily is the maximum allowable under the law in your situation.  You are, therefore, prohibited from applying for or being granted any further voluntary departure.

☐  Your request for voluntary departure has been denied since you were previously granted voluntary departure and failed to depart

☐  You are ineligible for voluntary departure because you were previously permitted to depart voluntarily after you were found inadmissible as an alien who was present without having been admitted or paroled.

☒  You must notify this office on or before    June 16, 2003 _____   of the arrangement you have made to effect your departure, including the date, place and manner.  Use the enclosed self-addressed card to notify this office regarding departure arrangements.  Postage is not required.  At the time of your departure you must surrender Form I-94, ARRIVAL-DEPARTURE RECORD, in accordance with instructions on that form.

NOTICE:  Failure to depart on or before the specified date may result in the withdrawal of voluntary departure and action being taken to effect your removal.  Failure to depart on or before the specified date may also subject you to a possible civil penalty of not less than $1,000 and not more than $5,000, and render you ineligible for a period of 10 years for any further authorization for voluntary departure or for relief under sections 240A, 245, 248, and 249 of the Immigration and Nationality Act.

If there is a bond outstanding in your case, you are warned that, to expedite cancellation of the bond and return of the collateral posted, you must make advance arrangements with this office to have your departure witnessed by an officer of this Service.

Seskin & Sassone P.C.
22 South Main Street
New City, NY  10956

Sincerely,

Edward J. McElroy
District Director
New York District

| Departed | Port | FOR IMMIGRATION AND NATURALIZATION SERVICE USE ONLY | | | |
|---|---|---|---|---|---|
| | Port | Date | ☐ | I-94 stamped | ☐ I-530 submitted |
| | To | Via | ☐ | DACS Updated | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this ___10th___ day of June, 2003, I caused a true copy of the foregoing:

## MOTION TO REOPEN DEPORTATION PROCEEDINGS

☐    by placing said copy in a sealed envelope, with postage thereon fully prepaid, and causing the same to be mailed by first class mail to the person at the address set forth below.

☐    by causing said copy to be personally delivered to the person at the address set forth below.

☐    by AIRBORNE EXPRESS to the person at the address set forth below.

☐    by certified mail-return receipt requested to the person at the address set forth below.

☐    by telefacsimile, with acknowledgment of receipt to the person at the address and telefacsimile number set forth below.

Office of the District Counsel
Bureau of Immigration and Customs Enforcement
26 Federal Plaza, Room 11-1130
New York, New York 10278

I declare under penalty of perjury that the foregoing is true and correct.

Executed:

Alexander S. Mulgrew

## VERIFICATION

STATE OF NEW YORK    )
                                      )ss.:
COUNTY OF ROCKLAND)

      SURINDER SINGH, being duly sworn deposes and says:

      I am  the plaintiff in this action.

      I have read the foregoing complaint and know the contents thereof.  The same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, as to those matters, I believe I to be true.

      The grounds for my belief as to matters stated upon information and belief are as follows: Conversations with the defendant, books and records in my possession.

                                      SURINDER SINGH

Sworn to before me this

3rd day of January, 2007

Notary Public

MARTIN SCHNEE
Notary Public, State of New York
No. 4601008
Qualified in Rockland County
Commission Expires June 9, 2010