U.S. Department of Justice



*United States Attorney*
*Southern District of New York*

---

# MEMO ENDORSED

86 Chambers Street, 3rd Floor
New York, New York 10007

August 31, 2007

**BY FEDERAL EXPRESS**
The Honorable Stephen C. Robinson
United States District Judge
United States Courthouse
300 Quarropas Street, Room 633
White Plains, New York 10601

RECEIVED SEP 0 4 2007 CHAMBERS OF STEPHEN C. ROBINSON U.S.D.J.

      Re: <u>Singh v. Gonzales, et al</u>,
          07 Civ. 6178 (SCR)

Dear Judge Robinson:

      This Office represents the Government in the above-referenced action, which seeks mandamus relief relating to plaintiff's deportation proceedings. I write respectfully to request that the Court deem the upcoming initial conference in this case, scheduled for September 21, 2007, to be a pre-motion conference to discuss the Government's response to the complaint, which is currently due on or before September 4, 2007. For the following reasons, the Government intends to move for dismissal of this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

      Plaintiff Surinder Singh ("plaintiff" or "Singh"), a citizen of India, seeks relief regarding an alleged delay in the United States' Immigration and Customs Enforcement's ("ICE's") consideration of a proposed joint motion to reopen his deportation proceedings. As alleged in the complaint, Singh already sought reopening of his deportation proceedings before an Immigration Judge, which was denied in October 2003. See Compl., at ¶ 29. Singh asks this Court to compel ICE's Office of Chief Counsel to "provide written consent" to his motion to reopen. Singh also claims in the complaint that upon reopening of his deportation proceedings, he is "entitled to due process and an immediate hearing for an adjustment of status" and is also "entitled to have an adjustment of status by the Attorney General pursuant to 28 U.S.C. § 1255(a)." See Compl., at ¶¶ 46, 49. For the following reasons, the complaint should be dismissed for lack of jurisdiction.

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: _____

First, no jurisdiction for Singh's claims lies under the mandamus statute. Mandamus relief is considered "extraordinary" and should be granted only "sparingly." See In re Repetitive Stress Injury Litigation, 11 F.3d 368, 373 (2d Cir. 1993) (citations omitted). Moreover, the Supreme Court has held that "[m]andamus...cannot be used to compel or control a duty in the discharge of which by law [a federal officer] is given discretion." Work v. United States ex rel. Rives, 267 U.S. 175, 177 (1925); Save the Dunes Council v. Alexander, 584 F.2d 158, 162 (7th Cir. 1978) ("It is manifest that the judiciary cannot compel through a writ of mandamus a federal official to perform any duty unless the official is clearly directed by law to perform such a duty."). Here, Singh seeks an order compelling ICE to join a motion to reopen, which is a wholly discretionary decision. The regulation governing reopening motions contains no requirement that a party join a proposed motion under any circumstances, see, e.g., 8 C.F.R. § 1003.2(c)(3)(iii), and "is couched solely in negative terms," INS v. Doherty, 502 U.S. 314, 322 (1992) (citations omitted). Thus, the regulation "does not specify the conditions under which a motion to reopen] shall be granted," let alone the conditions under which a proposed motion should be joined by ICE. Id. Accordingly, mandamus relief is unavailable in this case.

Second, the Court also lacks jurisdiction to consider Singh's claims seeking an order compelling ICE to convene "an immediate hearing for an adjustment of status" and for the Attorney General to grant him an adjustment of this status.[1] "Adjustment of status is a matter of grace, not right," Elkins v. Moreno, 435 U.S. 647, 667 (1978), and the agency has "great discretionary authority to deny an alien's application for adjustment of status." See Yeung v. Reno, 868 F. Supp. 53, 59 (S.D.N.Y. 1994). For this reason, judges in this District have consistently held that the Court lacks subject matter jurisdiction to compel the adjudication of adjustment applications. See, e.g., Keane v. Chertoff, 419 F. Supp. 2d 597,

---

[1] Section 245(a) of the Immigration and Nationality Act of 1952, as amended (the "INA"), permits the Attorney General to adjust the status of an eligible alien already in the country to that of a lawful permanent resident where the alien: (1) has been "inspected and admitted or paroled" into the United States; (2) has submitted an application to the office of Citizenship and Immigration Services with jurisdiction over his place of residence; (3) possesses an "immediately available" immigrant visa; and (4) is "admissible to the United States for permanent residence." See 8 U.S.C. § 1255(a); see also 8 C.F.R. §§ 245.1(a), 245.2(a) (implementing regulations).

2

599-602 (S.D.N.Y. 2006) (holding that neither mandamus relief nor APA review are available to compel adjudication of applications for adjustment of status); Karan v. McElroy, No. 02 Civ. 6678 (JGK), 2003 WL 21209769, at *1 (S.D.N.Y. May 23, 2003) (same); Yilmaz v. McElroy, No. 00 Civ. 7542 (RCC), 2001 WL 1606886, at *3 (S.D.N.Y. Dec. 17, 2001); Zheng v. Reno, 166 F. Supp. 2d 875, 880-81 (S.D.N.Y. 2001); see also Espin v. Gantner, 381 F. Supp. 2d 261, 265 (S.D.N.Y. 2005); Hanif v. Gantner, 369 F. Supp. 2d 502, 505-06 (S.D.N.Y. 2005); Zaytsev v. Gantner, No. 04 Civ. 7101 (WHP), 2004 WL 2251665, at *1 (S.D.N.Y. Sept. 24, 2004); Vladagina v. Ashcroft, No. 00 Civ. 9456 (DAB), 2002 WL 1162426, at *4 (S.D.N.Y. Apr. 8, 2002).

Finally, Singh also fails to state a due process claim under the Constitution. See Compl., at ¶¶ 42-47. As Singh has no constitutionally protected right to adjustment of status, or any other discretionary relief, he cannot challenge the denial of such relief as a violation of due process. See Nativi-Gomez v. Ashcroft, 344 F.3d 805, 808-09 (8th Cir. 2003) (because alien did not have a constitutionally protected right to adjustment of status, he could not challenge the denial of his motion to reopen for such relief on due process grounds); cf. Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir. 1996) (deportable alien does not have a liberty interest in discretionary relief of voluntary departure); Cervantes-Ascencio v. INS, 326 F.3d 83, 86 (2d Cir. 2003) (review of denial of voluntary departure substantially curtailed because entitlement to such relief was discretionary and not a "right").

For these reasons, the Government intends to move for dismissal of the complaint in this case, and respectfully requests that the Court deem the September 21 initial conference as a pre-motion conference. The Government also respectfully requests that the Court extend the time to for the Government to respond to the complaint until a briefing schedule is set at the conference. Plaintiff's counsel, Alexander Mulgrew, Esq., consents to this request for an extension of time, which is the Government's first request in this case.

We thank the Court for its consideration of these requests.

                          Respectfully,

                          MICHAEL J. GARCIA
                          United States Attorney

By: _____
     WENDY H. WASZMER
     Assistant United States Attorney
     Telephone: (212) 637-2729
     Facsimile: (212) 637-2717

cc:  ALEXANDER MULGREW, ESQ. (By Federal Express)
     Attorney for Plaintiff
     Mulgrew & Sassone
     22 South Main Street
     New City, New York 10956

*[Handwritten:] Time for defendants to respond to the complaint is ~~granted~~ stayed pending a pre-motion conference before the Court, currently scheduled for 9/21/07 @ 10am.*

**APPLICATION GRANTED**
*Stephen C. Robinson* 9/4/07
_____
HON. STEPHEN C. ROBINSION

4