MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: WENDY H. WASZMER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2729
Fax: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
SURINDER SINGH,                                              :
                                                             :    ECF CASE
                                        Plaintiff,           :
                                                             :
                                                             :
                                v.                           :    07 Civ. 6178 (SCR)
                                                             :
EMILIO GONZALEZ, Director of the U.S.                        :
Bureau of Citizenship and Immigration Services,             :
et al.,                                                      :
                                                             :
                                        Defendants.          :
                                                             :
------------------------------------------------------------ x

### DECLARATION OF WENDY H. WASZMER

WENDY H. WASZMER, pursuant to 28 U.S.C. § 1746, declares the following:

1.       I am an Assistant United States Attorney in the office of Michael J. Garcia, United

States Attorney for the Southern District of New York, attorney for defendants Emilio Gonzalez,

Director of the United States Bureau of Citizenship and Immigration Services ("CIS"), Michael

B. Mukasey, Attorney General of the United States,[1] Kevin D. Rooney, Director of the Executive

---

[1] Plaintiff's Complaint names former Attorney General Alberto Gonzales as a defendant
in this action. Pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Michael B.
Mukasey is automatically substituted as a defendant.

Office for Immigration Review, and Julie L. Meyers, Assistant Secretary of the United States

Immigration and Customs Enforcement ("ICE") (collectively, the "Defendants"). I make this

declaration in support of Defendants' Motion to Dismiss the Complaint.

2.    Attached hereto as Exhibit A is a true and correct copy of the Government's

Response to Surinder Singh's Motion to Reopen, dated February 28, 2006, filed with the

Immigration Court in In the Matter of Surinder Singh, File No. A73 177 909.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       November 16, 2007

WENDY H. WASZMER
Assistant United States Attorney
Tel.: (212) 637-2729
Fax: (212) 637-2717

**EXHIBIT A**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
-------------------------------------------x

In the Matter of

Surinder SINGH                                    File No. A73 177 909

RESPONDENT

-------------------------------------------x
IN DEPORTATION PROCEEDINGS

FOR THE RESPONDENT:                      Michael Prior Esq.
                                         142-03 37th Avenue
                                         Flushing, New York

FOR THE USDHS:                           Susan Egan
                                         Asst. Chief Counsel
                                         New York District

## GOVERNMENT'S RESPONSE TO RESPONDENT'S MOTION TO REOPEN

   The Respondent was granted voluntary departure by the Immigration Judge on the 2nd of February 2000. The Respondent was authorized to remain in the United States in this status until the 2nd of January 2001. Thereafter, the Respondent requested an extension from the Department's Detention and Removal Section. This request was ultimately granted, and the Respondent was permitted to remain in the United States in voluntary departure status until 20th of June 2003.

   On or about the 15th of May 2003, the Respondent's former attorney filed a request with the Department to join in a motion to reopen. Since the Respondent was in voluntary departure status, the Department agreed to join. A motion was filed with the Court thereafter, but on the 3rd of October 2003, the Immigration Judge denied the motion to reopen. This denial was apparently not appealed to the Board of Immigration Appeals.

   The Respondent, on or about the 31st of January 2006, filed another motion to reopen. The Department is opposed to this motion. The Department is in possession of its administrative file.

   The regulation, to wit, 8 C.F.R. 1003.23(b)(1), states that subject to the exceptions contained in (b)(1) and (4) of this section, a party may only file one motion to reopen. Since the Respondent is not seeking asylum, he has already exhausted his quota of motions to reopen. The motion, therefore, fails in this regard.

The regulation, to wit, 8 C.F.R. 1003.23(b)(3), states that a motion to reopen must be filed within 90 days of the date of the final administrative order or by September 30th, 1996, whichever is later.  In order for the instant motion to be timely, it was required to be filed by the 3rd of January 2004.  The motion is late.

Finally, from a review of the instant motion, there is no indication that the Respondent is currently in voluntary departure status.  Counsel has not attached any documentation from the Department showing that the Respondent's voluntary departure was extended beyond the 20th of June 2003. Since Counsel has not provided any proof that his voluntary departure was extended, the Department concludes that the Respondent is not currently in voluntary departure status.

Therefore, since the Respondent has overstayed his voluntary departure, then he falls within the parameters of Section 242B of the Act.  Section 242B of the Act provides that an alien who has been granted voluntary departure or who has agreed to voluntarily depart[1] the United States and who remains in the United States after the scheduled date for departure shall be precluded from applying for certain forms of discretionary relief for a period of five years after the date of the scheduled date of departure or unlawful reentry.  One of these forms of relief is adjustment of status pursuant to Section 245 of the Act.  Since the Respondent has overstayed his period of voluntary departure, his stay is now unlawful and Section 242B of the Act applies.  See Matter of Shaar, 21 I&N Dec. 541 (BIA 1996).  The Respondent is precluded from adjusting his status in the United States at this time. He might be eligible to adjust in 2008.

It is on the basis of the above that the Department requests that the instant motion be denied.

Respectfully submitted,


------------------------
Susan Egan
Asst. Chief Counsel
New York District


Dated:  28 February 2006

---

[1] The purpose of voluntary departure is not to allow aliens who are otherwise deportable to remain in the United States for an indefinite period while she become eligible for another form of relief.  This appears to be the facts in the present case.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th of February 2006, I served the attached response on Michael Prior, Esq., the attorney for the Respondent, located at 142-03 37th Avenue, Flushing, New York 11354 by first class mail.

-----------------------------------